IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Shenzhen Ruichenxi Technology Co., Ltd., | Case No. **1:26-cv-00721** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMAND** |
| The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", | |
| Defendants. | |

**COMPLAINT**

Plaintiff Shenzhen Ruichenxi Technology Co., Ltd. ("Ruichenxi" or Plaintiff) hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

**I. INTRODUCTION**

1.    Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's United States ███████████████ (the "Asserted Patent"). Defendants operate e-commerce stores on ████████ and use those stores to market, distribute, offer for sale, and sell infringing products that are substantially similar in overall visual appearance to the patented design, without Plaintiff's authorization. Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under 35 U.S.C. § 271.

**II. PARTIES**

2.    Plaintiff Shenzhen Ruichenxi Technology Co., Ltd. is a company organized and existing under the laws of China and is the owner of the Asserted Patent. Plaintiff

designs, develops, and sells ▮▮▮▮▮▮▮▮▮ products embodying the patented design.

3.    Plaintiff is the owner of United States ▮▮▮▮▮▮▮▮▮▮ (the "Asserted Patent"), entitled "▮▮▮▮▮▮▮▮▮ which was duly issued by the United States Patent and Trademark Office on ▮▮▮▮▮. A true and correct copy of the Asserted Patent is attached hereto as Exhibit 1.

4.    Defendants are various companies that operate ▮▮▮▮ or other e-commerce storefronts under multiple fictitious names or aliases. Defendants market, offer for sale, and sell products that infringe the patented design claimed in the Asserted Patent (the "Infringing Products"). Defendants' aliases are identified on Schedule A. The Infringing Products are further identified by their ASINs and seller IDs on Schedule A.

5.    The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that the Defendants employed such tactics to conceal their identities and the true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

6.    Defendants conduct their illegal operations through fully interactive commercial storefronts hosted on e-commerce platforms, including ▮▮▮▮▮ (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Texas, and have offered to sell and, on information and belief, have sold and continue to sell Infringing Products to consumers within the United States, including the State of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

7.    This is a civil action for design patent infringement under the patent laws

of the United States, 35 U.S.C. § 271 *et seq*.

## IV. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this District. Defendants operate fully interactive ▮▮▮▮ storefronts that target consumers in Texas, including the Western District of Texas, and have offered to sell—and on information and belief, have sold—infringing products to residents of this District.

## V. GENERAL FACTS

10. Plaintiff designs, manufactures, and sells ▮▮▮▮▮ products embodying its proprietary design. Plaintiff has invested substantial time, effort, and resources in developing the design and overall visual appearance of its products. Plaintiff's products have achieved commercial success and are recognized by consumers in the marketplace. Defendants' infringing conduct has caused and continues to cause significant harm to Plaintiff

11. Plaintiff is the owner of all right, title, and interest in and to United States ▮▮▮▮▮▮ (the "Asserted Patent"), entitled ▮▮▮▮▮." The Asserted Patent was duly issued by the United States Patent and Trademark Office on ▮▮▮▮ The Asserted Patent is valid and enforceable and protects the ornamental design of the ▮▮▮▮ as shown and described therein

12. Since the issuance of the Asserted Patent, Plaintiff has continuously used and commercialized products embodying the patented design. Plaintiff has consistently asserted and enforced its rights in the Asserted Patent.

13. Plaintiff has marketed, distributed, and sold ▮▮▮▮ products embodying the patented design in commerce in the United States and elsewhere, and has developed valuable goodwill and reputation associated with its products and the patented design.

14.    As a result of Plaintiff's use, promotion, and marketing of its products embodying the patented design, together with substantial sales of those products, Plaintiff has developed considerable goodwill associated with its products and the patented design.

15.    Plaintiff is engaged in the business of designing, manufacturing, marketing, distributing, and selling its products throughout the world, including within the Western District of Texas.

16.    Recently, Plaintiff discovered that Defendants have been and continue to operate fully interactive e-commerce storefronts on ██████ through which they promote, advertise, market, distribute, offer for sale, and sell products that infringe the patented design claimed in the Asserted Patent without Plaintiff's authorization.

17.    The Asserted Patent has never been assigned or licensed to Defendants, and Defendants have no right, license, or authorization to use or embody the patented design.

18.    Defendants have had knowledge of Plaintiff's ownership of the Asserted Patent, including Plaintiff's exclusive rights under the patent laws of the United States

19.    Defendants have targeted sales to Texas residents by setting up and operating an e-commerce storefront on ██████ that targets United States consumers, offers shipping to the United States, including Texas, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

20.    Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through its ██████ storefront. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and indirectly infringes Plaintiff's Asserted Patent. Defendants' ██████ storefront offers shipping to the United States, including Texas

21.    Defendants' Infringing Products are substantially similar in overall visual appearance to the patented design claimed in the Asserted Patent.

22.    Without Plaintiff's authorization, Defendants have made, used, offered for

sale, and sold products that embody or are substantially similar in overall visual appearance to the patented design claimed in the Asserted Patent. The infringing products are displayed and marketed through Defendants' ███████ storefronts, including through product listings and images used to promote the products. The accused products replicate the distinctive corrugated body, proportions, and overall visual impression of the patented design. The substantial similarities between Defendants' products and the patented design are such that an ordinary observer would be deceived into believing that the accused products are the same as the patented design.

23. Defendants' sale of products that infringe the patented design claimed in the Asserted Patent violates Plaintiff's intellectual property rights and is causing irreparable harm to Plaintiff.

24. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT
### (35 U.S.C. § 271)

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Defendants have made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Asserted Patent

27. Defendants have infringed the Asserted Patent through the foregoing acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing products embodying the patented design. Plaintiff will further suffer irreparable harm due to loss of goodwill, damage to reputation, and price erosion. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert or participation with them from

infringing the Asserted Patent, Plaintiff will continue to be greatly and irreparably harmed.

29.    Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, including Defendants' total profits pursuant to 35 U.S.C. § 289. Plaintiff is further entitled to recover any additional damages as appropriate pursuant to 35 U.S.C. § 284.

## JURY DEMAND

30.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment against Defendants for infringement of the Asserted Patent.

2. An order enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert or participation with them from further acts of infringement of the Asserted Patent, including, but not limited to, making, using, offering for sale, selling, or importing any products that infringe the patented design

3. An order directing ▮▮▮▮▮ to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the Infringing Products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of entry of judgment, detailing the manner and form in which Defendants have complied with the injunction;

5. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the patented design, and all of Defendants' total profits realized from Defendants' unauthorized use and infringement of the patented design pursuant to 35 U.S.C. § 289;

6. That Plaintiff be awarded enhanced damages pursuant to 35 U.S.C. § 284;

7. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 35

U.S.C. § 285;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: March 25, 2026                                          Respectfully submitted

By: /s/ _Marjorie Ouyang_____
Marjorie Ouyang
Texas Bar No. 314334
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Shenzhen Ruichenxi*
*Technology Co., Ltd.*